COMMONWEALTH *vs.* JULIO COSME. November 24, 1986. *Insanity. Homicide. Practice, Criminal,* New trial, Assistance of counsel. *Constitutional Law,* Assistance of counsel.

Julio Cosme was convicted of murder in the first degree for the killing of his brother, murder in the second degree for the killing of his common law wife, and of unauthorized possession of a firearm. While his appeal was pending, his appellate counsel filed in this court a motion for a new trial, see G. L. c. 278, § 33E, asserting that Cosme's trial counsel was ineffective because trial counsel failed to investigate, prepare, and present a defense based on lack of criminal responsibility. We remanded the motion for an evidentiary hearing. The judge denied the motion, and the defendant appeals from his convictions and from the denial of his motion for a new trial. We consolidated both appeals. We affirm the judge's decision to deny the motion for a new trial based on the evidence before him. Because we remand this matter for further proceedings, we do not reach any of the trial issues nor do we consider the case under G. L. c. 278, § 33E.

At the hearing on the motion for a new trial, trial counsel admitted that he did not investigate the question of the defendant's lack of criminal responsibility, despite his receipt of evaluations by a psychologist and a forensic psychiatrist at Bridgewater State Hospital reporting that the defendant suffered from "Brief Reactive Psychosis," a "Psychosocial disorder," and a "long term functioning disturbance (avoidant and dependant personality traits) with a history of brief psychotic episodes." The defendant's appellate counsel argues that the judge should have granted the motion for a new trial because competent counsel, reading those reports, would have investigated the potential of an insanity defense, and trial counsel failed to do so. "Failure to investigate an insanity defense would have fallen below the level of competence demanded of attorneys in criminal cases if facts known to, or with minimal diligence accessible to, trial counsel raised a reasonable doubt as to the defendant's mental condition." *Osborne* v. *Commonwealth,* 378 Mass. 104, 111 (1979). See also *United States* v. *Edwards,* 488 F.2d 1154, 1163 (5th Cir. 1974).

Counsel at the hearing on the motion for a new trial established that trial counsel failed to investigate the defense. However, motion counsel failed to

offer any evidence that, had defense counsel so investigated, he would have been able to produce evidence that the defendant lacked criminal responsibility.[1] Without such evidence, neither the trial judge nor this court can make a "sensible and educated determination about the mental condition of the defendant at the time of the offense," *Ake* v. *Oklahoma,* 105 S. Ct. 1087, 1096 (1985), and, consequently, about the adequacy of trial counsel's representation. On the evidence offered below, we cannot determine whether this defendant was prejudiced by counsel's failure to investigate further the psychological evaluations. We believe, however, that there is sufficient question concerning the defendant's mental condition that the defendant should be allowed a second opportunity to produce evidence supporting his claim that further investigation would have led to evidence that Cosme lacked criminal responsibility at the time of the crimes.[2] The case is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Ellen Y. Suni* (*Jack I. Zalkind* with her) for the defendant.
*Ellis M. Enlow,* Assistant District Attorney, for the Commonwealth.


---

[1] Counsel who represented the defendant at the hearing on the motion for a new trial was cocounsel at oral argument, but he did not argue the case orally.

[2] We note that at trial the judge apparently believed that there was a serious issue as to the defendant's mental condition and whether he lacked criminal responsibility because, without a request from counsel, he instructed the jury on criminal responsibility as set forth in *Commonwealth* v. *McHoul,* 352 Mass. 544 (1967).