COMMONWEALTH *vs*. PAUL E. DOTSON.

Franklin. March 8, 1988. — April 14, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal*, Request for fees and costs, Continuance. *Evidence*, Insanity. *Insanity*.

In a criminal case, no reversible error was occasioned, in the circumstances, by the prosecutor's arguing in opposition to the defendant's motions to obtain funds for an expert witness, where there was no showing that the defendant was prejudiced thereby. [186-187]

The court stated that the prosecutor in a criminal case has no proper role to play in regard to a defendant's motion for approval of funds to prepare his defense, unless the judge requests the prosecutor's participation. [187]

The judge in a criminal case erred in excluding expert testimony on the issue of the defendant's criminal responsibility, as a sanction for the defendant's failure to provide notice of his intention to rely on that defense, in circumstances where the defendant had not refused to submit to a court-ordered psychiatric examination. [187-189]

INDICTMENTS found and returned in the Superior Court Department on July 17, 1985.

Pretrial motions to obtain funds for an expert witness were heard by *John F. Murphy, Jr., J.*, and *Elizabeth A. Porada, J.*, respectively, and the cases were tried before *Porada, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas T. Merrigan* for the defendant.

*Frederic G. Bartmon*, Assistant District Attorney, for the Commonwealth.

NOLAN, J. On July 17, 1985, a Franklin County grand jury indicted Paul E. Dotson, charging him with two counts of assault with intent to murder, and two counts of assault and battery with a dangerous weapon. Following a jury trial in Superior Court, the defendant was found not guilty of assault

with intent to murder Karen Dotson, guilty of assault with intent to kill Ronald Flood, and guilty on both counts alleging assault and battery by means of a dangerous weapon. The defendant filed a timely notice of appeal and the case was entered on the Appeals Court docket. This court granted an application for direct appellate review. G. L. c. 211A, § 10(A). The defendant raises two issues which we shall consider:[1] (1) prosecutorial interference with his quest for funds for experts; and (2) denial of his right to present expert testimony as to his criminal responsibility. For the reasons set forth below, we reverse the judgments of conviction.

Evidence was presented at trial indicating that, in the early morning of July 12, 1985, Karen Dotson and Ronald Flood were hospitalized after sustaining knife wounds during an incident in Flood's home in Greenfield. Karen Dotson received treatment for a ten-inch laceration to her throat, and Flood was treated for a puncture wound beneath his chin. At trial, there was no dispute that the defendant inflicted the victims' wounds; the issue was the defendant's intent.

1. *Prosecutorial interference.* The defendant asserts that the prosecutor's participation in the pretrial hearings on the defendant's motions to obtain funds for an expert witness constituted reversible error. We disagree.

The defendant, who was indigent, filed several pretrial motions pursuant to G. L. c. 261, § 27C, for approval of funds for an expert witness. During the subsequent hearings in which the motion judges determined the reasonableness of the defendant's requests, the prosecutor argued against the allowance of the expenditures. Motion judges twice allowed the defendant's motions for funds, and the defendant retained the services of a psychiatrist.

Our review of the record reveals that the defendant was not prejudiced by the Commonwealth's participation in the pretrial hearings. Different judges granted two of the defendant's mo-

---

[1] He raises other issues which we do not reach because we reverse the judgments of conviction and these issues are not likely to reoccur. There is no merit to the defendant's argument that his motion for required finding of not guilty should have been allowed.

tions for funds pursuant to G. L. c. 261, § 27C. Moreover, one award was increased after the judge reconsidered the defendant's request for funds. There is no evidence that the judges' decisions were affected by the prosecutor's comments during the hearings, or that the prosecutor's involvement delayed the rendering of the decisions. Nor is there any showing that the prosecutor's participation compelled the defendant to reveal trial strategy that would otherwise have remained undisclosed. Without a showing of prejudice, there is no basis upon which to grant the defendant's request for relief by ordering a new trial.

We recognize, however, that a case may present itself where a prosecutor's interference in a hearing on a defendant's motion for funds could improperly impair the defendant's ability to prepare a defense. The judge is quite capable of evaluating the various factors involved in awarding funds for expert witnesses without the Commonwealth's adoption of an adversary stance.[2] Prosecutors serve neither the judicial process nor the interests of justice by impeding the indigent defendant's efforts to obtain funds pursuant to G. L. c. 261, § 27C. We take this opportunity to state that the prosecution has no proper role to play in a defendant's motion for defense funds unless the judge requests the prosecution's participation.

2. *Expert testimony.* The defendant contends that the trial judge erred in precluding an expert witness from testifying on the issue of criminal responsibility. The defendant maintains that, on the facts before the judge, the exclusion of expert testimony on that issue was not a permissible sanction under rule 14 (b) (2) (B) (iv) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 874, 880 (1979). We agree.

The judge conducted a voir dire of Dr. Valery Yandow, a psychiatrist testifying on the defendant's behalf. During the voir dire, Dr. Yandow expressed the opinion that the defendant

---

[2] A motion judge ruling on a request for expert witness funds must decide if the service for which funds are sought is reasonably necessary to enable the defendant to develop as effective a defense as he would otherwise cultivate if he were not indigent. *Commonwealth* v. *Lockley*, 381 Mass. 156, 160-161 (1980).

was not criminally responsible at the time of the knifing incident because he suffered from a mental defect within the meaning of *Commonwealth* v. *McHoul*, 352 Mass. 544, 552-555 (1967). At the conclusion of Dr. Yandow's testimony, the prosecutor represented that he was not prepared at that time to address the defense of lack of criminal responsibility because the defendant had failed to notify the court or the Commonwealth of his intent to rely on the defense pursuant to rule 14 of the Massachusetts Rules of Criminal Procedure. Accordingly, the judge directed the prosecutor to communicate with the psychiatrist who originally examined the defendant at Bridgewater for the purpose of providing rebuttal testimony the following day.

The court reconvened the next day, and the prosecutor informed the judge that he was unsuccessful in his efforts to secure the examining psychiatrist. After taking into account the prejudice to the Commonwealth, the court's interest in efficiency, scheduling conflicts and the status of the trial and jury, the judge declined to order a further continuance. Instead, the judge ruled that Dr. Yandow would not be permitted to testify on the issue of criminal responsibility but would be limited to offering an opinion concerning the effect of drugs and alcohol on the defendant's ability to form specific intent. This was reversible error.

We have recently addressed the issue of whether a defendant's failure to provide notice of his intention to present a defense of lack of criminal responsibility precludes him from introducing testimony on that issue. In *Commonwealth* v. *Guadalupe*, 401 Mass. 372 (1987), we examined Mass. R. Crim. P. 14 and concluded that a failure to notify the Commonwealth of the intention to present an insanity defense may preclude the defendant from introducing expert opinion "only in circumstances where the defendant has refused to submit to a court-ordered psychiatric examination." *Id.* at 375. Our holding in *Guadalupe* is dispositive of this appeal.

Pursuant to a court order, the defendant in the instant case was examined by a psychiatrist at Bridgewater State Hospital

to determine his criminal responsibility.[3] At no time did he refuse to undergo an examination. Therefore, despite the defendant's noncompliance with the controlling notice provision,[4] the trial judge should not have precluded the defendant from offering expert testimony on his lack of criminal responsibility. We recognize that there are inherent difficulties whenever a trial judge orders a continuance midway through the trial.[5] However, a continuance would have provided the Commonwealth with sufficient time to secure rebuttal evidence, while allowing the defendant to introduce expert testimony. The judge's erroneous ruling of law requires reversal of the defendant's convictions.

> *Judgments reversed.*
>
> *Verdicts set aside.*

---

[3] In fact, it was the defendant who moved for, and was granted, an opportunity to be examined under G. L. c. 123, 15(*b*), to determine his competency to stand trial as well as his criminal responsibility.

[4] The notice provision of rule 14(b)(2)(A) requires that: "If a defendant intends to rely upon the defense of lack of criminal responsibility because of mental disease or defect at the time of the alleged crime, he shall, within the time provided for the filing of pretrial motions by rule 13 or at such later time as the judge may allow, notify the prosecutor in writing of such intention. The notice shall state: (i) whether the defendant intends to offer testimony of expert witnesses on the issue of lack of criminal responsibility because of mental disease or defect; (ii) the names and addresses of expert witnesses whom the defendant expects to call; and (iii) whether those expert witnesses intend to rely in whole or in part on statements of the defendant as to his mental condition at the time of the alleged crime or as to his criminal responsibility for the alleged crime." 378 Mass. at 878.

[5] We note, however, that G. L. c. 123, § 15(*a*), provides that trials may be interrupted "at any stage of the proceedings after the return of an indictment or the issuance of a criminal complaint against the defendant" for the purpose of ordering an examination of defendant.