Brady, J.
On August 12,1992, a grand jury indicted defendant Edward Williams of rape under G.L.c. 265, §22(b), and of larceny of a motor vehicle under G.L.c. 266, §28(a). The defendant seeks access to the New Bedford Women’s Center-Rape Crisis Project’s records concerning the alleged victim, Jeannette C. Rose. These records were previously conceded to be privileged under G.L.c. 233, §20J, and that privilege has been asserted by the Rape Crisis Project.
This matter is now before the court on defendant’s motion to allow him to file ex-parte and have impounded his submission of ¡theories as to why the privileged records are likely to be relevant to issues in this case, as required by Stage 2 of Commonwealth v. Bishop, 416 Mass. 169, 181 (1993). As grounds for the defendant’s motions for leave to file the Bishop submission ex-parte and to have the submission impounded, defendant argues that his following rights, privileges, and interests will be impaired: defendant’s attorney-client privilege, defendant’s Art. 12 and Fifth Amendment rights not to incriminate himself, defendant’s Art. 12 and Sixth Amendment rights to a fair trial and effective assistance of counsel, and defendant’s right to protect his attorney’s work product.
The Commonwealth’s argument in opposition of defendant’s motion rests primarily on the filing and notice provisions of pretrial motions under Rule 13 of Mass.R.Crim.P. and the pretrial discovery special procedure provisions of Rule 14(b) of Mass.R.Crim.P. For the reasons discussed below, defendant’s motions are allowed.
DISCUSSION
In Bishop, supra at 169, the Supreme Judicial Court articulated a procedure by which trial judges should determine when the disclosure of an alleged victim’s privileged records is required in order to secure a fair trial for the defendant. Where an alleged victim or record keeper refuses to produce for the defendant previously determined privileged records, Stage 2 (“relevancy determination”) of the Bishop procedure provides that “defense counsel should submit to the judge, in writing, the theory or theories under which the particular records sought are likely to be relevant to an issue in the case. Id. at 181-82 (emphasis added). In considering the defendant’s written submission, "the judge may consider, among other things, the nature of the privilege claimed, the date the target records were produced relative to the date or dates of the alleged incident, and the nature of the crimes charged." Id. at 180. “If . . . the judge decides that the defendant’s proffer shows that the records are likely to be relevant to an issue in the case, the judge shall review the records in camera, out of the presence of all other persons, to determine whether the communications, or any portion thereof, are relevant.” Id. at 182 (emphasis added).
In the present matter, defendant seeks to file ex-parte his Stage 2 written submission regarding the likely relevance of the privileged records to issues in this case. While Bishop is silent as to whether the written submission should be filed ex-parte or not, the SJC’s description of Stage 2 seems to contemplate an interaction between defense counsel and the trial judge only. Such is not the case in Stage 3 (“access to relevant material”) where the SJC specifically includes “the prosecutor," or Stage 4 (“disclosure of relevant communications”) where the judge is directed to make a decision based on “written motions by the parties and an in camera hearing as the judge sees necessary.” Id. at 183 (emphasis added). The reading of these stages as a whole suggests that the prosecution was intentionally excluded from participating in Stage 2.
One of Bishop’s overriding concerns is ensuring that a defendant receive a fair trial. Because Stage 2 requires only that defense counsel submit the offer of proof to the trial judge, the allowance of defense counsel's motion to file the Stage 2 submission ex-parte, in order to avoid disclosing defendant’s attorney-client comihunications, counsel’s work product, and the theories of defense, is consistent with the procedure specified in Bishop. See Commonwealth v. Dotson, 402 Mass. 185, 187 (1988) (Commonwealth’s participation in certain pre-trial determinations could prejudice defendant if defendant were compelled to reveal strategies which otherwise would not be revealed). See also Commonwealth v. Amral, 407 Mass. 511, 524 (1990) (trial judge may exclude both prosecution and defense counsel, or just defense counsel, from in camera determination of whether defendant has made threshold showing entitling him or her to a Frank’s hearing); Weatherford v. Bursey, 429 U.S. 545, 554 n. 4 (1977) (Sixth Amendment right to assistance of counsel implicated when communication of defense strategy is revealed to prosecution).
The Commonwealth opposes the ex-parte filing of defendant’s Stage 2 submission, arguing that the circumstances of this case are no different from other cases where the Commonwealth is entitled to reciprocal discovery under Mass.R.Crim.P. 14(a)(3). The Commonwealth also likens the present case to situations where the Mass.R.Crim.P. provide that the defendant disclose his or her theories of defense by filing notice of intent to rely on such defenses. Specifically, the Commonwealth relies on Mass.R.Crim.P. 14(b)(1) — (3), which provides the Commonwealth with pre-trial discovery as to the defendant’s intent to rely on alibi, lack of criminal responsibility, or license, claim of authority or ownership defenses.
The Commonwealth’s reliance on these arguments is misplaced. “Rule 14(a)(3)(A) of the Mass.R.Crim.P. *391 allows the Commonwealth reciprocal discovery only of material which the defendant intends to use at trial'' Commonwealth v. Haggerty, 400 Mass. 437, 441 (1987) (emphasis added). If the evidence or information sought by the Commonwealth is unfavorable to the defense, defense counsel may choose not to use it at trial. Thus, under Rule 14(a)(3)(A), the information need not be disclosed to the Commonwealth. See id.
The Commonwealth’s argument thus fails because a defendant’s Stage 2 submission can logically only be expected to contain a preliminary theory or theories of the defense. At Stage 2 of the Bishop procedure, defense counsel has not yet been granted access to the relevant privileged records and could not yet know which material is intended to be used at trial.
The provisions of Rule 14(b), which require the defendant to disclose certain defenses to the prosecution, are also grounded in the fact that the defendant intends to rely on those defenses. For the reasons discussed above, the Commonwealth’s reliance on these provisions also fails.
Furthermore, the defendant’s Stage 2 submission is not discoverable because “Rule 14 of Mass.R.Crim.P. preserves the ‘core’ of the work product doctrine by ‘sheltering the mental processes of the attorney . . .’ ” Commonwealth v. Paszko, 391 Mass. 164, 187 (1984). The Stage 2 submission requires that defense counsel disclose his or her “theory or theories” under which the privileged records are likely to be relevant to an issue in the case. Because Stage 2 of Bishop requires a written submission of defense counsel's “mental processes,” the submission is thus “sheltered” from discovery requirements of Rule 14.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for leave to file his Stage 2 Bishop submission ex-parte is ALLOWED. It is further ORDERED that defendant’s motion to impound the Bishop submission is ALLOWED.