COMMONWEALTH vs. ROBERT MATRANGA & another.[1]

Suffolk. April 7, 2009. - September 28, 2009.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Judge. Committee for Public Counsel Services. Due Process of Law, Costs. Witness, Expert.*

A Superior Court judge erred in entering in the instant case an order directing the Committee for Public Counsel Services (CPCS) to withhold payment of funds to an expert witness who testified on behalf of an indigent respondent, through which order the judge intended to give effect to another order entered in an earlier, unrelated case involving the payment of funds by CPCS to the same expert witness, where the court lacked jurisdiction in that CPCS was not a party to the instant case and there was no conduct by the expert witness or by a CPCS attorney during the instant case that was independently subject to the imposition of a sanction. [49]

A Superior Court judge erred in entering an order directing the Committee for Public Counsel Services to withhold payment of funds to an expert witness who testified on behalf of an indigent respondent in a sexually dangerous person trial, where although the judge intended, at least as to a certain amount of the withheld funds, in effect to impose a sanction on the expert witness, the judge did not purport to exercise her authority to impose a sanction on the expert witness himself, nor did the judge provide a reasonable opportunity for the expert to be heard. [49-50]

This court concluded that once a judge authorizes, pursuant to G. L. c. 261, § 27C, funds to pay the costs and fees of an expert for an indigent party, the Committee for Public Counsel Services (CPCS) has the authority to oversee the spending of those funds, and the judge lacks authority to enter an order affecting the manner in which CPCS disburses funds that have been authorized. [50-51]

CIVIL ACTION commenced in the Superior Court Department on January 10, 2006.

The case was tried before *Elizabeth M. Fahey*, J., and motions for supplemental funds for an expert witness and to intervene were considered by her.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

[1]Committee for Public Counsel Services, intervener.

*Beth L. Eisenberg*, Committee for Public Counsel Services, for the intervener.

IRELAND, J. We transferred this case from the Appeals Court to decide whether a Superior Court judge properly ordered the intervener, the Committee for Public Counsel Services (CPCS), to withhold the payment of funds to an expert witness for services provided in this case until a certain amount that the judge had ordered withheld from the same expert witness in an earlier, unrelated case had been satisfied. Because we conclude that the judge exceeded her authority, we vacate the order to withhold the funds.

*Background.* This case involves a psychologist, Joseph J. Plaud, who testified as an expert witness[2] on behalf of two different indigent respondents in two unrelated, sexually dangerous person trials that were presided over by the same judge. See G. L. c. 123A, §§ 12, 14. In both cases the respondents' CPCS attorneys filed motions, pursuant to G. L. c. 261, § 27C, for authorization of funds to pay for experts. We summarize the procedural history of both cases only insofar as is relevant, and discuss the earlier case only to the extent necessary to illuminate the issue in this case.

The earlier case involved a respondent, whom we shall call John Doe, who received pretrial court authorization on several motions, filed by his attorney, for funds to pay for the services of experts, including Plaud. Plaud was scheduled to testify for Doe on Thursday, July 13, 2006. Unbeknownst to Doe's counsel, Plaud was scheduled to testify in an unrelated proceeding on Wednesday, July 12, 2006. However, he did not complete his testimony in that proceeding on July 12, and had to continue it on July 13. Counsel was not informed of this delay until 4 P.M. on July 12. As a consequence of the delay, Doe's trial had to be postponed, inconveniencing the respondent, other witnesses, the court, counsel, and the jury. Plaud did not testify for Doe until Monday, July 17, 2006. After the verdict in Doe's case, the judge, sua sponte, requested that CPCS submit Plaud's bill covering, in essence, his testimony at the trial, as well as his travel time in connection with the trial.

---

[2]The Committee for Public Counsel Services (CPCS) states that the psychologist, Joseph J. Plaud, was retained as an expert witness, rather than as a qualified examiner pursuant to G. L. c. 123A, §§ 1 and 13.

The judge issued a written memorandum of decision and order on July 31, 2006, in which she determined that, of the $1,600 amount of the final bill that Plaud submitted to CPCS in connection with his testimony at Doe's trial, Plaud was entitled to $900. She also determined that the costs the Commonwealth incurred as a result of the delay in testimony were $120.[3] Deducting the costs from the amount due, the judge ordered CPCS not to pay Plaud any amount other than $780.

CPCS nevertheless paid the full amount of Plaud's fees in the ordinary course, because, as the chief counsel for CPCS (chief counsel) explained in a letter he submitted to the judge in November, 2006, he did not receive a copy of the judge's order until August 7, 2006, and CPCS had paid Plaud on July 31, 2006. Without knowing that Plaud had already been paid, the chief counsel submitted a letter to the judge in August, 2006, requesting that the judge vacate her order that CPCS withhold $820 from the expert's fee.[4] The judge treated that letter as a motion for reconsideration, and issued an order after a hearing in November, 2006, providing Plaud with the opportunity to submit an affidavit addressing the judge's concerns about his appearance at Doe's trial. The chief counsel then submitted the second letter to the judge (disclosing that he had learned that Plaud had already been paid) and the judge treated it, too, as a motion for reconsideration and denied it without a hearing.[5] There were no

[3]In her written decision, the judge stated that, because the jury deliberations were delayed, the court had to delay an evidentiary hearing on a motion to suppress in an unrelated matter that had been scheduled for Monday, July 17, 2006, during what should have been jury deliberations in Doe's case. Because the motion hearing had to be postponed, at least one officer who appeared for the hearing had to be compensated by the Commonwealth in the amount of $120.

[4]As discussed *infra*, the chief counsel of CPCS ultimately submitted two letters to the judge in response to her order. In his first letter, the chief counsel stated that there had been no motion for funds before the judge, and that although the judge had statutory authority to allow or deny motions for authorization of funds for indigent defendants pursuant to G. L. c. 261, § 27C, the Legislature, pursuant to G. L. c. 211D, had given CPCS the authority to approve specific bills that experts submitted unless there was some controversy between CPCS and the expert.

[5]In denying the motion, the judge stated that she had informed Doe's CPCS attorney in open court that she was deducting money from Plaud's bill and

further proceedings related to Doe's case at the time when the case on appeal here came to trial.

In the present case, the respondent's CPCS counsel filed several motions seeking funds for experts for his upcoming trial, which were allowed by judges who were not the trial judge. The trial ended in January, 2007, after which the Commonwealth's petition was dismissed and the respondent was discharged from the Massachusetts Treatment Center. Counsel for the respondent then filed an "ex parte motion for supplemental funds" for an additional $1,600 for previously unfunded services that Plaud had provided during the trial. In March, 2007, the judge allowed the motion in part but ordered CPCS to withhold the entire amount from Plaud until the amount the expert "owed" as a result of the order entered in Doe's case had "first been satisfied."[6] CPCS filed a motion seeking to intervene as a party in this case, challenging the judge's authority to order CPCS to withhold payment due the expert for services rendered that were already funded pursuant to G. L. c. 261, § 27C. After a hearing, CPCS's motion to intervene was allowed, but relief from the judge's order to withhold payment was denied. Ultimately, a single justice of the Appeals Court granted CPCS leave to enter an appeal as intervener, and we transferred the case to this court on our own motion.

*Discussion.* CPCS argues that the judge erred when she entered the order in this case, as well as when she entered the order in Doe's case. CPCS contends that the judge, having found the respondents to be indigent, could properly allow the respondents'

---

was considering ordering CPCS to withhold further payments to Plaud. She also had given Plaud an extension of time to file an affidavit.

[6]The judge directed entry of an order stating, in pertinent part:

"Treating this as a request for payment of funds to Dr. Plaud, it is allowed only as to funds for four hours. Dr. Plaud was only on the witness stand a very short time, less than one hour. I am permitting the award for [two] hours of travel and [two] hours of in-court time for a total of four hours only at his $200 rate. This motion is allowed for $800 and is in all other respects denied. However CPCS is ordered to not pay Dr. Plaud this $800 amount until the amount previously ordered withheld from Dr. Plaud in the [Doe] case . . . has been first satisfied."

The judge subsequently issued a written memorandum setting forth her findings of fact relative to the request for funds.

respective motions for funds to retain expert witnesses pursuant to G. L. c. 261, § 27C (indigency statute), but that pursuant to G. L. c. 211D (CPCS statute), the judge lacked authority in the circumstances of this case to order CPCS to withhold payment to Plaud from those funds. CPCS also argues that, in any event, the order entered in this case was in error because it was intended to enforce the order entered in Doe's "entirely unrelated" case. We agree.

We first consider the propriety of the order the judge entered in this case, insofar as the judge intended that the order give effect to the earlier order in Doe's case. We have little difficulty in concluding that, without regard to the propriety of the order entered in Doe's case, the order in this case was entered in error. Where CPCS was not a party to the case before the judge, and where it appears there was no conduct in this case by Plaud or by a CPCS attorney that was independently subject to the imposition of a sanction, the court lacked jurisdiction to enter an order directing CPCS to withhold the payment of funds to Plaud. See *Matter of Providence Journal Co.*, 820 F.2d 1342, 1347 (1st Cir. 1986) (contempt order entered by court that clearly lacked jurisdiction over contemnors is void).

We further conclude that, in any event, the order the judge issued in Doe's case, directing CPCS to withhold payment of $800 to Plaud, also was improper. It appears that, at least as to $120 of the that amount, the judge intended in effect to impose a sanction on Plaud for the cost incurred as a result of his unavailability to testify during Doe's trial on the day to which he had committed, which led to the unnecessary appearance of a police officer as a witness in an unrelated hearing.[7] Judges have the authority to impose sanctions in the exercise of their inherent power to secure the full and effective administration of justice. *Beit* v. *Probate & Family Court Dep't*, 385 Mass. 854, 859-860 (1982). See also *O'Coin's, Inc.* v. *Treasurer of the County of Worcester*, 362 Mass. 507, 509-510 (1972). Due process requires, however, that a sanction be imposed only on fair notice and a reasonable opportunity to be heard. See *Beit* v.

---

[7]CPCS challenges only the judge's authority to order the withholding of payment to the expert; it does not challenge the amount of funds authorized by the judge. See note 6, *supra.*

*Probate & Family Court Dep't, supra* at 860-861 (judge could, with fair notice and reasonable opportunity to be heard, impose court costs as sanction on attorney who failed to appear for scheduled trial without obtaining timely continuance). Here, however, the judge directed her order at CPCS, neither purporting to exercise her authority to impose a sanction on Plaud himself nor providing a reasonable opportunity for him to be heard.[8] Even if the order purported to impose a sanction on Plaud, rather than directing CPCS to withhold payment to him, it would nonetheless have been erroneously entered in the absence of a reasonable opportunity for Plaud, as the subject of the sanction, to be heard.

Although our conclusion as to the propriety of the order entered in this case compels its reversal, we nonetheless address the broader question whether a judge has authority under the indigency statute to order CPCS to withhold funds from an expert. Our consideration of the merits of this question requires us to interpret provisions of the two separate, but overlapping, statutory schemes under which the judge and CPCS acted. The indigency statute was enacted in 1974, St. 1974, c. 694, § 3, and was rewritten in 1980. See St. 1980, c. 539, § 7. Pursuant to the indigency statute, a party who has been found to be indigent may request funds for an expert, and the court "shall not deny any request . . . with respect to extra fees and costs if it finds the [expert] is reasonably necessary to assure the applicant as effective a prosecution, defense or appeal as he would have if he were financially able to pay."[9] G. L. c. 261, § 27C. See *Commonwealth* v. *Lockley*, 381 Mass. 156, 160-161 (1980). CPCS was established in 1983 by G. L. c. 211D, inserted by St. 1983, c. 673, §§ 1 and 2, for the purpose of "plann[ing], oversee[ing] and coordinat[ing] the delivery of criminal and

---

[8]In the order the judge entered in Doe's case, in November, 2006, denying CPCS's motion to reconsider her earlier order to withhold funds from Plaud, the judge directed CPCS to advise Plaud of the opportunity to submit an affidavit addressing her concerns and advising him that he could request a hearing. The judge later extended the deadline for Plaud to submit an affidavit. See note 5, *supra*. An opportunity to submit an affidavit after the order had already entered would not, in any event, have been sufficient.

[9]General Laws c. 261, § 27A, defines "[e]xtra fees and costs" as "in addition to those a party is normally required to pay in order to prosecute or defend his case [including] the cost of . . . expert assistance."

certain noncriminal legal services" for indigent persons in the Commonwealth. G. L. c. 211D, § 1. The CPCS statute requires CPCS to define and set standards, subject to approval by this court, for the determination of indigency by the courts. G. L. c. 211D, § 2. CPCS is authorized to contract with expert witnesses, G. L. c. 211D, § 3, as well as to establish standards for the availability and qualifications of experts, and a range of rates payable for them. See G. L. c. 211D, § 9 (*f*), (*i*). Payment of costs and fees to experts "shall be with the provisions of [the indigency statute]." G. L. c. 211D, § 9 (*i*). See *Machado* v. *Committee for Pub. Counsel Servs.*, 39 Mass. App. Ct. 178, 181 (1995).

"[A] statute is to be interpreted in harmony with prior enactments to give rise to a consistent body of law." *Charland* v. *Muzi Motors, Inc.*, 417 Mass. 580, 582-583 (1994). Furthermore, to the extent that a new statutory provision conflicts with a prior statute, the new provision, as the more recent expression of the Legislature, controls. *Id.*

We conclude that the language of the statutes, when read together, evinces the Legislature's intent that, although it is for the judge to determine whether an indigent party's request for funds is reasonably necessary under G. L. c. 261, § 27C, once the judge authorizes the funds, CPCS has the authority to oversee the spending of those funds under G. L. c. 211D, §§ 3, 9, and 13. As the more recent expression of the Legislature's intent, the CPCS statute commits to CPCS, rather than to judges who allow requests for funds, oversight and discretion for the provision of experts to indigents. See *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 215-216 (1997) (specific and recently enacted statutory provision over general statute). Thus, under this statutory scheme, once a judge determines that a request is reasonably necessary and allows a motion for the payment of funds, the judge lacks authority to enter an order affecting the manner in which CPCS disburses those funds.[10]

---

[10]As previously noted, CPCS challenges only the judge's authority to order withholding of payment to the expert in a later case based on the expert's conduct in an earlier case, and does not challenge the amount of funds authorized by the judge in the previous case. See note 7, *supra*. Therefore, we need not decide whether (and in what circumstances) a judge may reduce the amount of money that had earlier been authorized to compensate an expert for his time and effort when those funds have not been approved for payment by

*Conclusion.* For the foregoing reasons, we conclude that the judge erred, and we vacate the order to withhold funds.

*So ordered.*

CPCS. On appeal, CPCS makes no reference to G. L. c. 123A, § 14 (*b*), nor does the record before us indicate that any reference was made to the provision in the proceedings below, even though the underlying cases were brought under the sexually dangerous person statute. G. L. c. 123A, §§ 1-16. A respondent to a petition by the Commonwealth pursuant to G. L. c. 123A, § 12, who is determined to be indigent under the CPCS statute, is entitled to the appointment and payment of experts. General Laws c. 123A, § 14, provides, in relevant part:

> "If the person named in the [G. L. c. 123A, § 12,] petition is indigent under [G. L. c. 211D, § 2], the court shall, upon such person's request, determine whether the expert or professional services are necessary and shall determine reasonable compensation for such services. If the court so determines, the court shall assist the person named in the petition in obtaining an expert or professional person to perform an examination and participate in the trial on such person's behalf. The court shall approve payment for such services upon the filing of a certified claim for compensation supported by a written statement specifying the time expended, services rendered, expenses incurred and compensation received in the same case for the same services from any other source."

To the extent that the plain language of G. L. c. 123A, § 14 (*b*), provides a different framework for the appointment and payment of experts in trials brought under G. L. c. 123A, than does the framework established by the interplay between the indigency statute and the CPCS statute, it does not affect our conclusion in this case, because nothing in G. L. c. 123A, § 14 (*b*), authorizes a judge to order CPCS to withhold payment from an expert in a case like the one at issue here, where CPCS is not a party and it does not appear that there was any independently sanctionable conduct by the expert or by CPCS.

Although the matter is not before us, we note that the judge expressed her concern about writing a "blank check" to Plaud for his services as an expert when she allowed in part the respondent's motion for additional funds after the trial. See *supra* at 48 & n.6. We appreciate the judge's concern. The Legislature may wish to clarify the interplay between the indigency statute, the CPCS statute, and G. L. c. 123A, § 14 (*b*), insofar as they relate to requests for funds for expert witnesses who testify on behalf of indigent respondents in sexually dangerous person trials. For example, pursuant to G. L. c. 211D, § 12, CPCS has been vested with exclusive responsibility for compensating private counsel whom CPCS approves and trains to represent indigent defendants; trial judges no longer must approve private counsel fee requests.