SUPERIOR COURT 
 
 JOHN DOE #527714 vs. SEX OFFENDER REGISTRY BOARD

 
 Docket:
 2481CV01218
 
 
 Dates:
 April 18, 2025
 
 
 Present:
 Keren E. Goldenberg
 
 
 County:
 MIDDLESEX
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
 
 

             Plaintiff John Doe No. 527714 (Doe) brought this action pursuant to G. L. c. 6, § 178M and G. L. c. 30A, § 14, challenging the decision of Defendant Sex Offender Registry Board (SORB) that he must register as a Level 2 sex offender pursuant to G. L. c. 6, §178K(2)(b). Doe now moves to have the Court: 1) vacate the order of the Board; or 2) lower Doe's classification level to a1; or 3) remand Doe's case back to the Board for a new hearing with expert testimony. After hearing on the motion, consideration given to the pleadings and relevant law, and for the reasons that follow, the Court hereby REMANDS this cause of action for further proceedings and ORDERS SORB to allow funds to hire an expert witness regarding brain development in emerging adults as a factor in risk assessment.
            Doe was initially notified of the Level 3 designation. Doe requested a hearing and funds for an expert to provide evidence and/or opinion as to Doe's brain development as an "emerging adult" at the time of the offense[1] and concentration and memory issues as potential mitigating evidence, pursuant to Factor 37 (Other Information Related to the Nature of Sexual Behavior). The hearing examiner denied the request for funds, stating that Doe's age and status as an
 
--------------------------------------------
 
[1] Doe was 19 years old.
 
                                                            -1-
 
"emerging adult" was not a specific condition or circumstance specific to him that would justify funds.
            A hearing was held on April 12, 2024. In the Amended Decision issued on April 29, 2024, Doe was classified as a Level 2. In the Factor 37 analysis, the examiner gave no weight to three articles submitted by the petitioner discussing lower recidivism rates among juvenile sex offenders compared to their adult counterparts. The examiner reasoned that Doe was an adult per SORB regulations, see 803 Code Mass. Regs. § 1.03, and that he was "bound by the regulations to apply the adult offender factors as written."
I. Expert Funds
            Doe first argues that the hearing examiner abused his discretion by denying his motion for expert funds. "[T]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case." Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008). The burden is on the sex offender "to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert. A general motion for funds to retain an expert to provide an opinion on the sex offender's risk of reoffense, without more, would appear to be insufficient." Id.
            To meet the necessary burden of proof, an offender must explain how the identified condition or circumstance is connected to his risk of reoffense or level of dangerousness and identify the type of expert who could assist the hearing examiner in their understanding and analysis. 803 Code Mass. Regs.§ 1.16(4). While it is not required by statute, the petitioner can bolster their application for funds with research that supports the connection. Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 29 (2021).
 
                                                            -2-
 
            In Doe's pre-hearing motion, he explained that he was nineteen years old at the time of the offense, thus an "emerging adult" whose brain had not fully developed and matured. Doe requested funds positing that an expert was "essential as the Petitioner's age and maturity at the time of sexual offense are conditions and circumstances special to [Doe] that are connected to his risk of re-offense." His motion was accomp nied by an affidavit that reiterated Doe's status as an emerging adult at the time of his offending behavior and further stated that while Doe was in school, he was placed in special education classes due to difficulties with memory and concentration.
            While Doe did not cite Commonwealth v. Mattis. 493 Mass. 216 (2024), which was decided three months before he submitted his request for funds, he undoubtedly was referencing this groundbreaking opinion when classifying himself as an "emerging adult." In Mattis, the Supreme Judicial Court extended its prohibition against life without parole sentencing for juveniles to emerging adults in the eighteen-to-twenty-year age group. The ruling relied on Superior Court Judge Ullmann's core findings regarding emerging adults:
1.         they lack impulse control similar to sixteen- and seventeen-year-olds in emotionally arousing situations,
2.         they are more prone to risk-taking in pursuit ofrewards than those under eighteen years and those over twenty-one years,
3.         they are more susceptible to peer influence than individuals over twenty-one years, and
4.         they have a greater capacity for change than older individuals due to the plasticity of their brains.
Id. at 225-229. In her concurrence, Justice Wendlandt wrote, "[M]aturity is a gradual endeavor, and while age eighteen is a milestone, society does not view it as the end of the metamorphosis
toward adulthood." Id. at 252. In Paragraph 10 of Doe's affidavit, he included the following quote from a peer-reviewed article from the Journal of Child Psychology and Psychiatry:
 
                                                            -3-
 
Changes in brain structure continuing into adolescence and early adulthood has challenged accepted view and has given rise to a recent spate of investigations into the way cognition might change as a consequence.[2]
            Doe sought an expert to assist the hearing examiner in understanding how his brain development at age nineteen, when he committed the underlying offense, should factor into his risk of re-offense and level of dangerousness at his current age-twenty-six. However, the hearing examiner denied the request, stating that Doe failed to identify a condition or circumstance special to him and failed to explain how that condition would require the assistance of an expert. While Doe's affidavit could have done more to connect his age at the time of the offense to his risk of reoffense or dangerousness,·it was sufficient to satisfy the requirements for expert witness funds for a psychologist.[3] 803 Code Mass. Regs. § 1.16(4), Doe No. 89230, 452 Mass. at 775. Doe's motion identified himself as a member of a class of offenders who require the assistance of a psychologist to explore if and how their stage of brain development at the time of the offense impacted their actions and decision-making capacity. Additionally, the fourth Mattis finding regarding the emerging adult's increased capacity for change is instrumental in the risk assessment of the petitioner. "The application of accurate and up-to-date information, including all known and empirically validated risk factors, thereby ensures that hearing examiners have the tools they need to arrive at individualized classification determinations. Such
 
--------------------------------------------
 
[2] Blakemore SJ, Choudhury S. Development of the adolescent brain: implications for executive function and social cognition. J Child Psychol Psychiatry. 2006 Mar-Apr;47(3-4):296-312. doi: 10.1111/j.1469-7610.2006.01611.x. PMID: 16492261.
[3] In 803 Code Mass. Regs. § 1.16(4), SORB identifies the requirements for a motion for expert funds:
1.         identify a condition or circumstance special to the sex offender and explain how that condition is connected to his or her risk of reoffense or level of dangerousness;
2.         identify the particular type of Expert Witness who would provide testimony to assist the Hearing Examiner in his or her understanding and analysis; and
3.         include supporting documentation or affidavits verifying that the petitioner suffers from the specific condition or circumstances identified.
 
                                                            -4-
 
determinations must be grounded in a corpus of objective facts and data, necessarily dynamic and evolving to revise collective understanding of the risk that various individuals pose to the public." Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 609 (2013).
            In their opposition, SORB counsel correctly noted that SORB regulation 803 Code Mass. Regs. § 1.16(4)(a)(l) calls for the petitioner to identify a condition or circumstance special to the petitioner and argued that being nineteen years-old is not special to Doe. I disagree with SORB's argument for three reasons: First, expert funds are routinely granted to petitioners suffering from mental and physical conditions that are not special to the petitioner. Doe No. 89230, 452 Mass. at 772-773. While the guidelines that address mental and physical conditions[4] specifically call for assessments and opinions of licensed health care professionals, expert funds are not limited to cases where one of these factors are implicated. See, e.g. Doe No. 205614, 466 Mass. at 609. Second, while it is true that many other people are nineteen years-old, the petitioner's motion is based on the particular circumstance of his being nineteen at the time of his offense. Third, a particular characteristic may justify expert funds where the SORB guidelines do not adequately address the underlying issue. Id. (abuse of discretion to deny funds to female petitioner when SORB guidelines did not consider offender's gender).[5] The current SORB guidelines distinguish juveniles and adults and give no consideration to the emerging adult category.
            Denial of funds is reviewed for abuse of discretion. In Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 85 Mass. App. Ct. 1, 9-11 (2014), the Appeals Court remanded the matter to SORB holding that expert testimony was needed to provide "assistance and guidance for the proper interpretation and understanding" of studies regarding correlation
 
--------------------------------------------
 
[4] Mental abnormalities (Factor 1), physical conditions (Factor 13), and psychological conditions (Factor 15).
[5] SORB guidelines have been updated and now distinguish between male and female adult offenders.
 
                                                            -5-
 
between age and recidivism. In Doe No. 205614, the SJC held that the hearing examiner abused its discretion in denying a motion for expert funds when provided with evidence that women have lower over-all rates of sexual recidivism compared to men, and existing SORB guidelines did not make that distinction. 466 Mass. at 610. In this case, the hearing examiner abused its discretion in denying the requested funds in the aftermath of Mattis. Expert testimony is necessary to provide guidance and understanding of how emerging adult brain development factors into dangerousness and recidivism, and the existing SORB guidelines do not adequately factor in emerging adult brain development.
            In the future, when considering a motion for funds, hearing examiners should consider SORB's regulation regarding expert witness fees in conjunction with the indigency statute, which proscribes that, when a party who has been found to be indigent moves for funds for an expert, the court "shall not deny any request ... with respect to extra fees and costs if it finds the [expert] is reasonably necessary to assure the applicant as effective a prosecution, defense or appeal as he would have if he were financially able to pay." G. L. c. 261, § 27C; Commonwealth v. Lockley, 381 Mass. 156, 160-161 (1980); Commonwealth v. Dotson, 402 Mass. 185, 187 n. 2 (1988). General Laws c. 261, § 27A, defines "[e]xtra fees and costs" as "in addition to those a party is normally required to pay in order to prosecute or defend his case [including] the cost of ... expert assistance."
            The Indigent Court Costs Act, G. L. c. 261, §§ 27A-27G, provides for the payment of expert witness fees through the Indigent Court Costs Fund, which is appropriated to the Committee for Public Counsel Services to administer (Mass. St. 2024 c.140, § 2 (Line Item 0321-1520)). Judges and hearing officers are assigned the responsibility of determining whether an indigent party's request for funds is reasonably necessary under G. L. c. 261, § 27C.
 
                                                            -6-
 
Commonwealth v. Matranga, 455 Mass. 45, 51 (2009). In Doe's case, expert funds to evaluate the petitioner and offer evidence about Doe's brain development and maturity at age nineteen as a factor in his present dangerousness and risk to reoffend is most certainly reasonably necessary to assure that his petition would be as effective as it would have been if he were financially able to hire that expert.
II. Factor 37 (Other Information Related to the Nature of Sexual Behavior)
            After denying funds for the expertise described above, the hearing examiner gave no weight to articles submitted by the petitioner regarding the age of the offender because the articles only distinguished between juveniles and adults. The hearing examiner reasoned that Doe was not a juvenile at the time of his offenses, so the articles offered no insight into his risk of recidivism. In sex offender classification proceedings, "the burden is on SORB to undertake a 'sound application of [the risk-classification] factors to derive a true and accurate assessment of an offender's potential for reoffending."' Doe No. 205614, 466 Mass. at 605, quoting Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 656 (2012). "The application of accurate and up-to-date information, including all known and empirically validated risk factors, thereby ensures that hearing examiners have the tools they need to arrive at individualized classification determinations. Such determinations must be grounded in a corpus of objective facts and data, necessarily dynamic and evolving to revise collective understanding of the risk that various individuals pose to the public." Id. at 609.
            The SJC has previously addressed the issue of the failure to consider age of the adult offender in dangerousness and likelihood to reoffend. In Doe, No. 15164, the SJC remanded the matter for a new classification hearing for a sixty-two-year-old petitioner because the hearing examiner failed to consider evidence that showed that offenders over sixty are less likely to
 
                                                            -7-
 
reoffend.[6] In this case, the petitioner was prevented from presenting evidence of reduced recidivism among offenders who committed sex offenses as emerging adults because expert witness funds on that precise issue were denied. The refusal to consider Doe's age and status as an emerging adult was arbitrary and capricious because it was the hearing examiner who prevented the petitioner from presenting evidence on that issue in its denial of expert funds. Just as the SJC in Doe No. 205614 vacated the classification determination and remanded the matter to SORB for further proceedings, I will do the same in this case.
            For the reasons stated herein, I hereby REMAND the matter for further hearing and consideration consistent with this ORDER.
/s/Keren E. Goldenberg
Justice of the Superior Court
April 18, 2025
 
--------------------------------------------
 
[6] The SORB guidelines have since been updated to consider advanced age (Factor 30) as a risk-mitigating factor.