IN THE MATTER OF A GRAND JURY INVESTIGATION.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

Suffolk. March 6, 1990. - July 11, 1990.

*Grand Jury. Subpoena. Practice, Criminal,* Grand jury proceedings, Conduct of prosecutor. *Attorney at Law,* Work product, Attorney-client relationship.

Supreme Judicial Court Rule 3:08, Prosecution Function 15, as amended, 396 Mass. 1217 (1986), providing that a prosecutor's subpoena of an attorney without prior judicial approval, to provide evidence against the attorney's client in grand jury proceedings is unprofessional conduct, was applicable to a prosecutor's subpoena of an investigator employed by an attorney. [917-919]
Statement of possible remedies for violation of S.J.C. Rule 3:08, Prosecution Function 15, to effectuate the purposes of that rule. [919-920]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 23, 1989.

The case was heard by *Nolan,* J.

*Linda Wihbey Taglienti* for Richard Roe.

*James F. Lang,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Richard Roe[1] (Roe) commenced an action pursuant to G. L. c. 211, § 3 (1988 ed.), seeking relief from an order of a Superior Court judge denying his motion to quash a subpoena duces tecum directed to John Doe, II (Doe). After hearing, a single justice of this court denied relief. Roe appeals. He argues that (1) this is a proper case for relief pursuant to G. L. c. 211, § 3, and (2) S.J.C. Rule 3:08, PF 15, as amended, 396 Mass. 1217 (1986), applies to

---

[1]The names used in this opinion are ficticious.

agents of an attorney and therefore the subpoena should have been quashed because it was served in violation of that rule.

We summarize the facts. Roe believes that he was the target of a grand jury's investigation of a fire involving property owned by Roe. Roe's attorney retained Doe, an employee of a licensed investigator, see G. L. c. 147, §§ 23 and 25 (1988 ed.), to investigate the fire incident. Without prior judicial approval, the prosecutor served a subpoena duces tecum on Doe to appear before the grand jury and to produce certain documents. Roe moved to quash the subpoena. After hearing a Superior Court judge denied the motion. The judge did not make any written findings of fact or rulings of law. Roe filed with the county court a "Petition for Relief Pursuant to G. L. c. 211, § 3," which was denied after hearing. Roe appealed to the full court from the single justice's denial of relief.[2]

Roe failed to submit a transcript of the motion hearing to the single justice or to the full court. Roe also "intentionally omitted" several "exhibits" from his petition, offering to "make them available to the court for an *in camera* inspection at the court's convenience." *Commonwealth* v. *Montanez*, 388 Mass. 603, 604 (1983) ("It is the appellant's burden . . . to bring us a satisfactory transcript"). See Mass. R. A. P. 18 (a), as appearing in 378 Mass. 940 (1979). Thus, there was no error in the single justice's denial of relief. Nevertheless, because of the importance of PF 15 to the administration of criminal justice and because this is our first occasion to comment on the interpretation of PF 15, we consider Roe's claims. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

Supreme Judicial Court Rule 3:08, PF 15, provides that "[i]t is unprofessional conduct for a prosecutor to subpoena an attorney to a grand jury without prior judicial approval in circumstances where the prosecutor seeks to compel the at-

---

[2]Doe subsequently complied with the subpoena and appeared before the grand jury. Doe's compliance with the subpoena would appear to moot the question of quashing that subpoena, although other remedies may be available. Cf. *Commonwealth* v. *Winer*, 380 Mass. 934, 935 (1980).

torney/witness to provide evidence concerning a person who is represented by the attorney/witness."[3] Ethical concerns raised by an attorney subpoena include "the 'chilling' of the attorney-client relationship, the implication of Sixth Amendment concerns, the creation of conflicting interests between an attorney and his [or] her client, and the possibility for adversarial abuse."[4] *United States* v. *Klubock*, 832 F.2d 649, 655-656 (1st Cir.), aff'd by an equally divided court, 832 F.2d 664 (1st Cir. 1987) (en banc) (incorporating amended panel opinion). See Stern & Hoffman, Privileged Informers: The Attorney Subpoena Problem and A Proposal For Reform, 136 U. Pa. L. Rev. 1783, 1787-1789 (1988); Weiner, Federal Grand Jury Subpoenas to Attorneys: A Proposal For Reform, 23 Am. Crim. L. Rev. 95, 111 (1985). "The implications of this disturbing practice are great, to the point of threatening the keystone of the attorney-client relationship, most notably the trust placed by clients in their attorneys." *In re Grand Jury Subpoena to Attorney (Under Seal)*, 679 F. Supp. 1403, 1404 (N.D.W. Va. 1988). We conclude that PF 15 must be interpreted to include agents of an attorney, including investigators such as Doe.

The concerns that gave rise to the enactment of PF 15, most notably the "chilling" effect on the attorney-client relationship, also are implicated if an attorney's agent is subpoenaed. Subpoenaing an agent carries the risk that confidential information imparted by the attorney to the agent in order to

---

[3]Prosecution Function 15's only express requirement is that a prosecutor obtain judicial approval prior to subpoenaing certain witnesses. It does not set forth specific procedures for obtaining the required judicial approval. At the very least, the rule contemplates an ex parte proceeding initiated by a prosecutor before a judge. See *United States* v. *Klubock*, 832 F.2d 649, 657 (1st Cir.), aff'd by an equally divided court, 832 F.2d 664 (1st Cir. 1987) (en banc).

[4]"Even where an indictment may not have issued, and thus technically the attorney/witness is not yet an 'adversary,' since the subpoena regulated by PF 15 seeks to compel evidence 'concerning a person who is represented by the attorney/witness,' it relates to an established attorney-client relationship. The serving of a subpoena in such circumstances will immediately drive a chilling wedge between the attorney/witness and his client." *United States* v. *Klubock, supra* at 653.

conduct an effective investigation may be disclosed through the agent, in contravention of the concerns that gave rise to PF 15. Turning members of the defense team into government witnesses may undermine a client's trust in, and his willingness to communicate with, his attorney. That a prosecutor may seek to compel evidence concerning a client from an agent rather than from the attorney himself does not diminish the danger of such a "chilling wedge."[5]

Further, the power to profit from a defense attorney's investigative efforts by subpoenaing that attorney's investigator carries with it the power to control and limit the preparation of the client's case. A cautious attorney may be discouraged from hiring an investigator to investigate thoroughly his client's case for fear of producing evidence that will be used against the client. Similarly, an attorney who does hire an investigator may find that he had been instrumental in collecting evidence that ensures his client's indictment.

If a judge, after hearing, determines that there has been a violation of PF 15, the judge has a full panoply of remedies available.[6] The judge also may, among other remedies, consider ordering the presentation of evidence to a different grand jury without the use of the subpoenaed evidence or any evidence derived from the subpoena, suppression of the evidence without a different grand jury or, in an especially egregious case, the dismissal of indictments.[7] The judge may conclude that the violation did not assist the prosecutor and

---

[5]Moreover, "any disabilities imposed on the attorney-client relationship during the grand jury investigation will not disappear upon indictment. If anything, an indictment may intensify the client's suspicions and concerns regarding his attorney's role in the grand jury investigation that led to criminal charges. Consequently, preparation for trial may be seriously hampered." Weiner, Federal Grand Jury Subpoenas to Attorneys: A Proposal For Reform, 23 Am. Crim. L. Rev. 95, 111 (1985).

[6]Pursuant to PF 15, a judge may disapprove the issue and service of a subpoena. The judge also may quash any subpoena that has been served in violation of PF 15 where doing so would be an effective remedy, especially if the subpoenaed attorney or agent has yet to comply with the subpoena.

[7]The judge should report any violation of PF 15 to the Board of Bar Overseers and bar counsel.

therefore no remedy is required. In sum, the judge may use *any remedy* which effectuates the purposes of PF 15.[8]

The order of the single justice is affirmed. Further proceedings consistent with this opinion are to be had in the Superior Court.

*So ordered.*

---

[8]Roe also asks that we "enjoin the grand jury and/or the district attorney from further proceeding against Richard Roe or in the alternative, dismiss any indictment against Roe as the prosecution's conduct in substantially interfering with Roe's constitutional rights through an unethical violation of S.J.C. Rule 3:08, PF 15 has irreparably interfered with Roe's right to a fair trial." Roe also claims that the information gathered by Doe was protected by the work-product doctrine and that the subpoena should have been quashed because it interfered with Roe's State and Federal constitutional rights to the effective assistance of counsel. Roe's record before us is too deficient to permit any consideration of his requested remedies.