**UNITED STATES of America, Plaintiff,**

v.

**Jean A. PETERSON, f/k/a Jean Henson, Defendant.**

**Nos. CR 00–30031, 2000 D.S.D. 36.**

United States District Court,
D. South Dakota,
Central Division.

Aug. 28, 2000.

Thomas P. Maher, Maher & Arendt, Pierre, South Dakota, for plaintiffs.

David L. Zuercher, U.S. Attorney's Office, Pierre, South Dakota, for defendants.

## ORDER

KORNMANN, District Judge.

The defendant filed a motion for discovery (Doc. 21) but, according to the minutes of a hearing before U.S. Magistrate Judge Moreno on August 24, 2000, counsel for the defendant stated on the record that he was withdrawing such motion, stating, however, that he needs the daily planners and "spec book". The government promised to furnish the "spec book", apparently saying nothing about the daily planners, at least according to the minutes.

Nothing was said about an *ex parte* motion for issuance of a subpoena *duces tecum* (Doc. 22) which is still pending. Such motion seeks an Order to require Aaron Swan to produce the "spec book" and every daily planner for five named people.

Fed.R.Crim.P. § 17(c) cannot be used as a substitute for discovery as permitted by Fed.R.Crim.P. § 16. A motion under Fed.R.Crim.P. § 17(c) may not be made *ex parte,* at least if made to seek production prior to trial. It may be made *ex parte* in connection with witnesses being called to testify at trial, this being in the "spirit" of Fed.R.Crim.P. § 17(b) which provision talks specifically about "*ex parte*" motions. We find the following at Federal Practice and Procedure, Wright, Vol. 2, § 274 (pocket part): "If a motion is made it cannot be ex parte. Although Rule 17(b) allows an ex

parte application by a defendant unable to pay, there is no similar authorization in Rule 17(c) for an ex parte application for pretrial production by a defendant with financial means." It should be noted as well that Rule 17(c) contains no authorization for an *ex parte* application by a defendant without financial means. *See also U.S. v. Finn,* 919 F.Supp. 1305, 1330 (D.Minn.1995), quoting Wright, *aff'm,* 121 F.3d 1157 (8th Cir.1997), *cert. den.,* 522 U.S. 1113, 118 S.Ct. 1046, 140 L.Ed.2d 111 (1998). This Court agrees with language from *Finn:* "Of course, we need not hold, and do not hold, that every Subpoena (sic) *duces tecum* requires a disclosure of its contents to the opposing party, for Rule 17(c) does not evince any such intent. Rather, we only decide that, when the Rule (sic) is utilized for the disclosure of evidentiary materials in advance of Trial (sic), the application should be reviewable by the other parties to that proceeding." *Id.* In support of the ruling herein, reference is also made to *U.S. v. Urlacher,* 136 F.R.D. 550 (W.D.N.Y. 1991), and *U.S. v. Hart,* 826 F.Supp. 380, 381 (D.Colo.1993). The motion should be denied. Now, therefore,

 IT IS ORDERED that the ex parte motion for issuance of subpoena duces tecum (Doc. 22) is denied.