COMMONWEALTH & another[1] vs. ALICIA MITCHELL.

Suffolk. May 5, 2005. - July 29, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Subpoena. Practice, Criminal,* Subpoena duces tecum.

Discussion of the procedure that a criminal defendant must follow when seeking, prior to trial, documents, books, records, or other evidentiary material held by a third party. [790-792]

This court concluded that Mass. R. Crim. P. 17 (a) (2) permits a criminal defendant to seek ex parte the pretrial production of documents, books, records, or other evidentiary material held by a third party, but only in exceptional circumstances, such as when a defendant seeks to summons the pretrial production of documents held by a third party and cannot make the required showing without revealing information that may prove incriminating or when advance notice of a request for such a summons would likely result in the destruction or alteration of the requested documents; however, if, once a summons has issued, the recipient files a motion to quash, the determination of privilege may not be made ex parte, but no inspection of summonsed documents, by either side, shall be allowed until after a full consideration of any privileges, privacy concerns, or other legitimate interests brought to the judge's attention in a timely fashion. [792-800]

Where the record in a criminal matter was bereft of information that would allow this court to assess whether the defendant's ex parte motions for the pretrial production of documents, books, records, or other evidentiary material held by third parties were properly allowed, this court ordered the single justice to remand the matter to the Superior Court for further proceedings. [801-802]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 11, 2005.

The case was reported by *Cowin*, J.

*Paul B. Linn*, Assistant District Attorney (*Ian Polumbaum*, Assistant District Attorney, with him) for the Commonwealth.

*Paul R. Rudof*, Committee for Public Counsel Services, for the defendant.

[1]The police department of Boston (BPD).

*Kerri E. Tierney*, for Police Department of Boston, was present but did not argue.

GREANEY, J. This case requires us to decide whether a judge in the Superior Court properly allowed the defendant's ex parte motions for issuance of summonses, under Mass. R. Crim. P. 17 (a) (2), 378 Mass. 885 (1979),[2] compelling the production, prior to trial, of documents pertaining to her defense held by third parties, and whether the judge properly denied the motion of the Commonwealth for disclosure of the defendant's motions. We conclude that, in rare instances, an ex parte motion may be an appropriate procedure by which to obtain a court order compelling the pretrial production of "books, papers, documents, or other objects," Mass. R. Crim. P. 17 (a) (2), in the custody of a third party. There is insufficient information in the record, however, to assess whether this case presents such a rare instance. Accordingly, we direct the single justice on remand to vacate the order denying the Commonwealth's motion for disclosure of the defendant's ex parte motions, recall the summonses issued based on the defendant's motions, stay the orders allowing the motions, and remand the case to the Superior Court for further proceedings.[3]

The dispute arose in the following manner. On July 2, 2003,

[2]Rule 17 (a) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 885 (1979), reads as follows:

"(a) SUMMONS.

" . . .

"(2) *For Production of Documentary Evidence and of Objects.* A summons may . . . command the person to whom it is directed to produce the books, papers, documents, or other objects designated therein. The court on motion may quash or modify the summons if compliance would be unreasonable or oppressive or if the summons is being used to subvert the provisions of [Mass. R. Crim. P. 14, 378 Mass. 874 (1979)]. The court may direct that books, papers, documents, or objects designated in the summons be produced before the court within a reasonable time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents, objects, or portions thereof to be inspected and copied by the parties and their attorneys if authorized by law."

[3]The documents identified in the summonses are to be preserved in their original state until the question whether the defendant may obtain a court

a Suffolk County grand jury returned three indictments charging the defendant with assault by means of a dangerous weapon (one indictment) and intimidating a witness (two indictments). On September 30, 2004, the defendant filed five ex parte motions seeking court orders in the form of summonses[4] directed to the record keepers of five third-party entities, including the police department of Boston (BPD) and the Boston Housing Authority (BHA), requiring the pretrial production of documents in their custody. In a separate motion, the defendant sought a protective order for the impoundment of her motions and supporting affidavits. On October 1, a judge in the Superior Court allowed the defendant's motions for issuance of the summonses.

On October 13, the Commonwealth (which may have become aware of the defendant's motions, despite their ex parte nature, by checking the court docket) filed a motion for disclosure of the ex parte motions, and requested as well that any orders for the production of documents based on the motions be vacated. The judge held a hearing at which he heard arguments from both the defendant and the Commonwealth. The following day, the judge denied the Commonwealth's motion and allowed the defendant's motion for a protective order and impoundment of her motions for issuance of summonses and the accompanying affidavits. The judge's written endorsement denying the Commonwealth's motion indicated his understanding that he was "authorized by [Mass. R. Crim. P. 14, 378 Mass. 874 (1979),] to limit disclosure of matters involving [r]ule 17 as was originally set out in [the defendant's] ex parte motion." On October 27, the five summonses for production of records requested by the defendant issued.[5]

On November 8 and 10, the BHA and the BPD, respectively,

---

order compelling their production by means of an ex parte motion has been resolved in the Superior Court.

[4]The term "summons," as used in our rules of criminal procedure, is synonymous with "subpoena." See Reporters' Notes to Mass. R. Crim. P. 17, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1423 (Lexis-Nexis 2005). References in this opinion to a summons requiring the production of records or documents from a third party should be understood to refer to what traditionally is known as a "subpoena duces tecum." See *Commonwealth* v. *Lam, ante* 224, 228-229 n.6 (2005) (*Lam*).

[5]In addition to the BPD and the BHA, the summonses were directed to Ma-

filed motions to reconsider the orders directed to them on the grounds that the orders were overly broad and included requests for privileged materials.[6] The BHA (in its motion) and the BPD (at a hearing) also objected that, as the result of the ex parte procedure by which the summons were issued, no opportunity to oppose the summonses, before their issuance, had been afforded. At a hearing on December 8, before a different Superior Court judge, the BHA and the BPD agreed that the court should refrain from addressing their substantive concerns so that their procedural objections to the ex parte motions could be pursued. The judge then denied in part their motions to reconsider ("after consultation with [the judge who allowed the defendant's ex parte motions] *and in his name*" [emphasis in original]), and stayed her orders to allow time for an appellate court to resolve the ex parte issue.

On January 11, 2005, the Commonwealth and the BPD filed a petition with a single justice of this court, challenging the general authority of a judge to order the issuance of summonses requiring third-party records to be produced prior to trial on the basis of an ex parte motion.[7] The single justice reserved and reported the question to the full bench. The Commonwealth asserts that the challenged orders in this case have improperly allowed the defendant to use rule 17 as a "method for obtaining secret discovery, rather than as a method to obtain trial evidence available to both parties." The defendant responds that judges must have discretion to permit ex parte motions by criminal defendants to obtain unprivileged third-party records in order to "preserve a defendant's constitutional right to conduct her own

loney Property Management; New World Security Associates, Inc.; and Madsen Public Safety. The latter three recipients have not filed motions to quash, or otherwise attempted to oppose, the orders directed to them, and so far as we are aware, they have complied with the summonses to the satisfaction of the defendant.

[6]The summons directed to the BPD ordered the production of "records including log entries relating to all Boston Police responses to Kerr Way, Roxbury from September 29, 2002, to the present." The BHA was directed to produce records identifying: "All tenants and residents for the following buildings: 185 Cabot Street, 15 Whitter Street, 25 Whitter Street and 160 Ruggles Street and all tenancies or residences with the [BHA] for Arnesse (Inell) Powell, Alecia Gray and James Gray from 1995 to the present."

[7]The BHA, which did not join in the filing of the petition, is not a party to this appeal.

independent investigation unfettered by notice to and potential interference by the Commonwealth." We now address the propriety of a defendant seeking and obtaining a court-issued summons for the production of documents prior to trial by means of an ex parte motion.[8]

1. The foundation for deciding this case rests in our earlier decisions in *Commonwealth* v. *Lam*, ante 224 (2005) (*Lam*), and *Commonwealth* v. *Lampron*, 441 Mass. 265 (2004) (*Lampron*).[9] In *Lampron*, *supra*, we clarified the procedure that must be followed when documents, books, records, or other evidentiary material held by a third party are sought by a criminal defendant prior to trial. We adopted in *Lampron* the standard applicable to such requests under the corresponding Federal rule, Fed. R. Crim. P. 17, from which our rule is taken. Under Fed. R. Crim. P. 17 (c), when filing a motion for an order compelling a third party to produce documents, or other evidentiary material, prior to trial, the moving party "must establish good cause, satisfied by a showing '(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application [was] made in good faith and [was] not intended as a general "fishing expedition." ' " *Id.* at

---

[8]The defendant's contention that G. L. c. 211, § 3, is not an appropriate avenue through which the Commonwealth may seek relief merits brief comment. Our recent decisions in *Commonwealth* v. *Lampron*, 441 Mass. 265 (2004) (*Lampron*), and *Lam*, *supra*, read together, clarify the procedure by which a criminal defendant may seek the production of records held by a third party prior to trial, pursuant to rule 17 (a) (2), and instruct that the Commonwealth has standing to challenge a defendant's rule 17 (a) (2) motion. The fundamental issue of the petition — whether a criminal defendant may use the court's authority to obtain the production of such records without notifying the Commonwealth or disclosing to the Commonwealth the reasons for doing so — is a question of significant importance that affects the fair administration of criminal justice. See *Carr* v. *Howard*, 426 Mass. 514, 517 n.3 (1998); *Purcell* v. *District Attorney for the Suffolk Dist.*, 424 Mass. 109, 111 (1997).

[9]Neither the judge who denied the Commonwealth's motion for disclosure, and in whose name the BHA and BPD's motions were denied in part, nor the parties had the benefit of the *Lam* decision, which was released after this court heard oral argument in this case.

269, quoting *United States* v. *Nixon*, 418 U.S. 683, 699-700 (1974). *Lampron* established that a summons directing the pretrial production of documents must be sought by motion, accompanied by a supporting affidavit containing a factual showing that the above requirements are met.[10] The affidavit may contain hearsay, so long as the affidavit identifies the source of the hearsay and a judge deems it reliable, but assertions of potential relevancy and of conclusory statements will not suffice. See *id.* at 269, 271. We repeated in *Lampron* that rule 17 (a) (2) is not to be used as a means to explore the availability of potential evidence or otherwise to subvert the pretrial discovery provisions of rule 14.[11] The rule's primary purpose is to avoid delay caused by the often onerous tasks (on the part of the record holder) of responding to a summons for documents and (on the part of the defendant and defense counsel) of examining the documents and evaluating their usefulness at trial. The issuance of a summons pursuant to a rule 17 (a) (2) motion is reserved to the sound discretion of the judge. See *id.* at 271, citing *Commonwealth* v. *Wanis*, 426 Mass. 639, 642 (1998).[12]

---

[10]Defense counsel in *Lampron* issued on his own accord summonses directed to the keepers of records of several medical, psychiatric, and social services providers for the production to his office of records relating to their treatment of the alleged victim. A judge in the Superior Court quashed the summonses because defense counsel had failed to obtain prior judicial approval. We agreed that defense counsel may not summons persons or documents directly to his office. See *Lampron, supra* at 266 & n.1.

[11]Rule 14's provisions governing discovery bear directly on a proper understanding of rule 17 (a) (2) because the latter states that a summons for the production of documents may be subject to a motion to quash "if the summons is being used to subvert the provisions of rule 14." As we noted in *Lam*, the standard for issuance of a rule 17 (a) (2) summons is not the same as the standard to obtain discovery under rule 14. See *Lam, supra* at 230-231 n.9 ("The policy goals of the two rules differ, as do the procedures they require"). Rule 14 is not available to the defendant in any case because the documents she seeks are not under the direction or control of the Commonwealth. The defendant was indicted on July 2, 2003, and she does not have the benefit of the new Mass. R. Crim. P. 14 (a) (2), as appearing in 442 Mass. 1518 (2004), which is applicable to criminal cases initiated on or after September 7, 2004. We commented on the new rule in *Jansen, petitioner, ante* 112, 117 n.11 (2005).

[12]As the above discussion should make clear, the requirement that a judge must be satisfied that the *Lampron* standards are met before a summons issues

More recently, in our *Lam* opinion, we recognized the Commonwealth's interest in ensuring that rule 17 (a) (2) is not used as a discovery tool, and its related interests in protecting its own witnesses and in guarding against any undue delay of the trial occasioned by multiple, or lengthy, requests for documents. We concluded that, in the usual case, the Commonwealth has standing to challenge a defendant's motion for production of documents prior to trial. See *Lam, supra* at 229. "A judge's task in reviewing a defendant's request for rule 17 (a) (2) summonses is to balance the defendant's right to mount a defense with the Commonwealth's right to prevent unnecessary delay of the trial and unwarranted harassment of witnesses and third parties." *Id.* at 229-230. A judge hearing a rule 17 (a) (2) motion must evaluate whether the *Lampron* requirements of relevance, admissibility, necessity, and specificity have been met, or whether the defendant's motion constitutes a disguised attempt to undermine rule 14 by launching an improper "fishing expedition." In most cases, input from the Commonwealth will be of real value to the judge. See *Lam, supra* at 229.

2. Neither the *Lampron* nor *Lam* decision dealt with an ex parte motion for issuance of a rule 17 (a) (2) summons for the production of documents prior to trial.[13] As discussed above,

is applicable only when the documents being sought must be produced *prior to trial*. Rule 17 (a) (1) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 885 (1979), provides that for a summons to issue, by the clerk or any other person authorized by statute, commanding the presence of persons into court, and, under rule 17 (a) (2), prior permission need not be obtained for a summons to command a witness to produce "books, papers, documents, or other objects designated therein." Nor is leave of the court independently required under G. L. c. 233, § 1, for a notary public or justice of the peace to issue a summons requested by a defendant, or a defendant's counsel, commanding a witness to appear at a hearing or trial, and, inferentially, to bring into court documents that may be needed at that hearing or trial. The pronouncements in *Lampron* were made in the context of a defendant seeking to compel the production of documents or records from a third party *prior to trial*. This may be done only by means of a motion, supported by an affidavit comporting with the requirements set forth in *Lampron*, for a court order for issuance of a rule 17 (a) (2) summons. Any informal extrajudicial process that exists, of course, by which a party involved in litigation may successfully obtain investigative materials that may be of help in preparing for trial, or may be useful during trial, is beyond the scope of this case.

[13]While we anticipated in *Lam* circumstances, such as these, in which a defendant seeks leave from the court to move ex parte for the issuance of a

*Lampron* points out that we are guided by Federal authority under Fed. R. Crim. P. 17 (c). There is a body of Federal decisional law on the disposition of ex parte motions for subpoenas duces tecum under Fed. R. Crim. P. 17 (c), but it is considerably divided. Some Federal District Courts have held that ex parte motions may never be justified under rule 17 (c). See, e.g., *United States v. Najarian*, 164 F.R.D. 484, 488 n.2 (D. Minn. 1995); *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993); *United States v. Urlacher*, 136 F.R.D. 550, 555 (W.D.N.Y. 1991). Others have concluded that the Federal rule permits the issuance of pretrial subpoenas duces tecum on an ex parte application. See, e.g., *United States v. Jenkins*, 895 F. Supp. 1389, 1397 (D. Haw. 1995); *United States v. Reyes*, 162 F.R.D. 468, 470-471 (S.D. N.Y. 1995). Still others have held that ex parte motions are not appropriate in most cases, but rule 17 (c) does not completely bar the use of such a process. See, e.g., *United States v. Tomison*, 969 F. Supp. 587, 593-594 (E.D. Cal. 1997); *United States v. Beckford*, 964 F. Supp. 1010, 1027 (E.D. Va. 1997). There is no binding authority on point.[14] We conclude that the preferable solution rests, in part, in the last group of cases that allows a motion to be made ex parte, but only in exceptional circumstances, such as when a defendant seeks to summons the pretrial production of documents held by a third party and cannot make the showing required by *Lampron* without revealing information that may prove incriminating or when advance notice of a request for such

summons, we did not decide the matter. See *Lam, supra* at 229 n.8.

[14]The author of a well-known treatise at one time concluded that "[i]f a [rule 17 (c)] motion is made it cannot be ex parte." *United States v. Najarian*, 488 F.R.D. 484, 488 (D. Minn. 1995), quoting 2 C.A. Wright, Federal Practice and Procedure § 274 at 46 (2d ed. 1982 & Supp. 1995). That text was then revised to recognize that, notwithstanding the absence of an ex parte provision in rule 17 (c), "[i]t has been held . . . that in limited circumstances both the government and a defendant may make an ex parte application for a pretrial subpoena duces tecum." 2 C.A. Wright, Federal Practice and Procedure § 274 at 245-246 & n.26 (3d ed. 2000), citing *United States v. Beckford*, 964 F. Supp. 1010, 1025-1031 (E.D. Va. 1997), and *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995). Most recently, the authors caution that "[a] motion under Rule 17 (c) may not be made ex parte, at least if made to seek production prior to trial." 2 C.A. Wright, N.J. King, S.R. Klein, & P.J. Henning, Federal Practice and Procedure § 274 at 20 (3d ed. Supp. 2005), citing *United States v. Peterson*, 196 F.R.D. 361, 361-362 (D.S.D. 2000).

a summons would likely result in the destruction or alteration of the documents themselves.

Our analysis begins with rule 17 itself, specifically, with that portion of the text governing the production of evidence prior to trial. Our task is to interpret the intent of the rule and to give effect to that intent. Section (a) (2) of rule 17 provides that:

> "A summons may . . . command the person to whom it is directed to produce . . . books, papers, documents, or other objects designated therein [and] [t]he court may direct that books, papers, documents, or objects designated in the summons be produced before the court . . . prior to the trial or prior to the time when they are to be offered in evidence and may . . . permit the books, papers, documents, objects, or portions thereof to be inspected and copied by the parties and their attorneys if authorized by law."

Although rule 17 (a) (2) does not specifically speak to the ex parte issue,[15] there is textual authority in other rules of criminal procedure, although not explicit, that would permit a judge flexibility, in certain circumstances, to permit an ex parte motion filed by a defendant for the pretrial production of documents held by a third party. Rule 13 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 871 (1979), governing the filing of all pretrial motions, provides that they shall be in writing

---

[15]Rule 17 (b) expressly provides that a defendant may make an "ex parte application . . . show[ing] that the presence of a named witness is necessary to an adequate defense and that the defendant is unable to pay the fees of that witness," and, on such an ex parte application, the judge shall order the issuance of a summons. The rationale behind rule 17 (b)'s ex parte procedure is to place indigent defendants on an equal footing with other defendants, who need not reveal the identity of witnesses in order to obtain testimony essential to their defense. See Reporters' Notes to Mass. R. Crim. P. 17, Mass. Ann. Laws Court Rules, *supra* at 1424, citing *Blazo* v. *Superior Court*, 366 Mass. 141, 145 n.8 (1974). As this court noted in *Pare* v. *Commonwealth*, 420 Mass. 216, 219 n.2 (1995), "[a] request for costs . . . is of no concern to the Commonwealth." The question before us is whether rule 17 (a) (2) allows any defendant (impoverished or with financial resources) to apply ex parte for issuance of a summons for the production of documents prior to trial. Rule 17 (b)'s explicit reference to an ex parte proceeding for trial witnesses, therefore, is not relevant to our purposes.

supported by affidavits, and should be served on all parties or their attorneys. Subsection (a) (3) provides, however, that the usual service and notice requirements "[f]or cause shown . . . may be waived by the court." In the context of discovery, "[u]pon a sufficient showing . . . the judge may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." Mass. R. Crim. P. 14 (a) (6). A judge also has some measure of inherent authority, in appropriate circumstances and on "a show-ing of 'good cause,' " to issue protective orders, or to seal or impound any motion or affidavit submitted to the court, in con-nection with a civil or criminal proceeding. *Republican Co.* v. *Appeals Court*, 442 Mass. 218, 223-225 & n.11 (2004), citing *Boston Herald, Inc.* v. *Sharpe*, 432 Mass. 593, 604 (2000). "To determine whether good cause is shown, a judge must balance the rights of the parties based on the particular facts of each case." *Boston Herald, Inc.* v. *Sharpe*, *supra* at 604, citing *Nixon* v. *Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

We recognize that some instances will present the need for an ex parte application. A defendant has an unquestioned right, under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights, to obtain relevant evidence that bears on the question of his guilt or in-nocence or which otherwise will help his defense. In circum-stances where such relevant evidence is in the possession of a third party and cannot, for any variety of reasons, be adequately reviewed unless obtained prior to trial, rule 17 (a) (2) becomes a necessary tool to preserve the defendant's constitutional right to obtain, and effectively use, the evidence at trial. Cf. *Com-monwealth* v. *Dotson*, 402 Mass. 185, 187 & n.2 (1988). Because, under *Lampron*, a defendant seeking pretrial produc-tion must make a demonstration of relevance, admissibility, necessity, and specificity, a reading of rule 17 (a) (2) that would never permit an ex parte motion could require a defendant to uncover, knowingly or unknowingly, evidence that is incriminat-ing and will be used by the prosecution. It is not inconceivable that advance notice that the defendant is seeking certain docu-

ments could imperil the source or integrity of those documents.[16] The Commonwealth has no absolute pretrial right of access to a criminal defendant's investigation. See *Matter of a Grand Jury Investigation*, 407 Mass. 916, 918-919 (1990). See also *Commonwealth* v. *Dotson, supra* at 187; *Blazo* v. *Superior Court*, 366 Mass. 141, 145 & n.8 (1974). Requiring a defendant to disclose potentially incriminating information to the prosecution, or to risk destruction or alteration of documents, in order to obtain pretrial access to evidence that may be essential to his or her defense, would contravene the purpose of the rule and, in the end, could cause unwarranted trial delays while a defendant, who had no alternative but wait to summons the documents to trial, took the time required to examine them thoroughly. See *United States* v. *Beckford, supra* at 1027.

To be sure, the Commonwealth has an interest in being heard on the relevancy issue as well as a role in ensuring that pretrial summonses for documents meet the *Lampron* standards and are not being used to harass witnesses or to engage in a fishing expedition. See *Lam, supra*; *State* v. *DiPrete*, 698 A.2d 223, 227 (R.I. 1997). But, in the rare instance in which it is appropriate, a judge is perfectly capable of making the relevancy and other determinations without the input of the Commonwealth. See *Commonwealth* v. *Dotson, supra* (recognizing judges' capabilities to evaluate factors involved in awarding funds for expert witnesses). After all, it ultimately is the responsibility of a judge, and not the Commonwealth, to ensure that rule 17 (a) (2) is being used properly. Thus, the Commonwealth's interest in being heard is not absolute and may be overridden in exceptional circumstances when a judge determines that an ex parte application is necessary.

We emphasize again that the essential purpose of rule 17 (a) (2) is to expedite trial proceedings and to avoid delays

---

[16]New rule 14 (a) (1) (E), which is not applicable to the defendant, see note 11, *supra*, creates a duty on the part of the prosecutor, on becoming aware of the existence of an item relevant to the defense that would otherwise be subject to mandatory discovery except that the item is in the possession of a third party, to notify the defendant of the item's existence, its location, and the identity of persons possessing the item. A defendant then may move for a protective order requiring that the item be preserved for a specified period of time.

caused when counsel must inspect or examine documents or objects produced in response to a summons. See *Jansen, petitioner, ante* 112, 117 (2005); K.B. Smith, Criminal Practice and Procedure § 1559 (2d ed. 1983 & Supp. 2005). An ex parte motion for a rule 17 (a) (2) summons should be filed, therefore, only after the pretrial conference has occurred and the Commonwealth has furnished its discovery. The moving party first should file a motion requesting that summonses for documents returnable prior to the trial be issued ex parte and under seal and explaining, in specific terms and in detail, why it is necessary to proceed ex parte. An ex parte motion will be entertained only in circumstances where the defendant has demonstrated (1) a reasonable likelihood that the prosecution would be furnished with information incriminating to the defendant which it otherwise would not be entitled to receive; or (2) a reasonable likelihood that notice to a third party could result in the destruction or alteration of the requested documents. See *United States* v. *Beckford, supra* at 1028 & n.25, 1030; *State* v. *DiPrete, supra* at 228 (recognizing that ex parte motion may be warranted in extraordinary instances). An ex parte motion for the pretrial production of documents cannot be made on the basis that notice to the Commonwealth will reveal trial strategy or work product or might disclose client confidences. Adding the latter grounds as justifications for ex parte consideration would create a loophole that could not be contained, because matters of trial strategy, work product, and client communications are involved in almost every case where a rule 17 (a) (2) motion might be filed. The ex parte procedure could then become the norm and not the exception, something the rule was never intended to permit.

The judge should, whenever feasible, seal the defendant's motion and affidavit, in whole or in part, and allow the Commonwealth to be heard on the defendant's request for ex parte consideration. In such a circumstance, the judge should seal or impound only as much of the motion and affidavit as is absolutely necessary to protect the defendant's interests. There may be cases, however, where, as a consequence of the need for extensive sealing or impounding, the Commonwealth is unable adequately to respond to the defendant's request, or where

the Commonwealth's presence would vitiate the purpose of the motion entirely. The judge should have a stenographic record made of all proceedings for an ex parte summons.

After the determination has been made on whether an ex parte procedure is warranted, the next step is for the judge to assess the proposed summons under the standards established in *Lampron*. That is, whether it has clearly been shown (1) that the information is evidentiary and relevant; (2) that the information is not otherwise obtainable in advance through the exercise of due diligence; (3) that the party seeking production cannot prepare for trial without advance inspection; and (4) that the application is made in good faith and is not a fishing expedition. As already pointed out, the facts set forth in the motion's supporting affidavit must not be conclusory, but specific and detailed. This interpretation of rule 17 comports with the rule's plain language and expresses constitutional sensitivity with an eye towards practicality and the expedition of the trial.[17]

What has been said resolves the ex parte issue before us, but this is not the end of the matter. *Lampron* made clear that meeting the requirements of rule 17 (a) (2) entitles a defendant only to an initial court order for production of records. See *Lampron*, *supra* at 271. Once the summons issues, the recipient (or another with standing to intervene) may then file a motion to quash, raising, in some cases, the claim that the scope of the summons

---

[17]Without deciding the question, we know of no compelling reason why the Commonwealth would not also be entitled to move ex parte for the issuance of a summons for production of documents prior to trial, pursuant to rule 17 (a) (2), in carefully circumscribed situations. There is a seemingly comparable process by which the Commonwealth can, and frequently does, obtain evidence prior to trial without the knowledge or participation of a criminal defendant that is authorized by G. L. c. 277, § 68, namely, a grand jury subpoena. See *Lampron*, *supra* at 270-271; *Commonwealth* v. *Stewart*, 365 Mass. 99, 105-106 (1974). See also *Opinion of Justices*, 373 Mass. 915, 918-919 (1977) (reviewing history of "secrecy" of grand jury proceedings). That being said, however, it would be unethical for the Commonwealth to use this statutory authority for any purpose other than to present a witness or evidence to a court or grand jury. See *Commonwealth* v. *Cote*, 407 Mass. 827, 832 (1990); *Commonwealth* v. *Smallwood*, 379 Mass. 878, 887 & n.3 (1980). The Commonwealth also has a standing constitutional obligation to reveal any exculpatory evidence it obtains, by any means, to the defense. See *Commonwealth* v. *Healy*, 438 Mass. 672, 678-679 (2003), citing *Brady* v. *Maryland*, 373 U.S. 83, 87 (1963), and *Commonwealth* v. *Ellison*, 376 Mass. 1, 21 (1978).

is overly broad or that the defendant's use of rule 17 (a) (2) is directed at a purpose other than a good faith effort to obtain evidence, or, in others, issues pertinent to the question of privilege.[18] There may be other grounds to quash as well, this list being illustrative. The Commonwealth (which may learn of the summons from the recipient or by other means) may be entitled at this point to receive submissions requesting the documents and to make an appropriate response, raising issues that it is entitled to raise. The determination of privilege may not be made ex parte. See *Pare* v. *Commonwealth*, 420 Mass. 216, 218-219 & n.2 (1995) (defendant seeking privileged records, under *Commonwealth* v. *Bishop*, 416 Mass. 169 [1993], must disclose stage two submission to prosecutor or forgo seeking privileged records). See also *Commonwealth* v. *Wanis*, 426 Mass. 639, 642-644 (1998) (assuming Commonwealth's interest in being heard in opposition to order requiring production of records of police department's internal affairs division). If no opposition to the summons is asserted, and the summonsed documents are received into court, the judge does not conduct any additional review of the documents. The relevancy determination having been made, the documents should be made available to the requesting party for inspection and copying. See *Commonwealth* v. *Pelosi*, 441 Mass. 257, 261 (2004); *Commonwealth* v. *Oliveira*, 438 Mass. 325, 339-340 (2002). This is true whether or not the summons for the documents was obtained through an ex parte procedure.

Once the summonsed documents are made available to the defendant, the question arises whether the documents must be made available to the Commonwealth. When the motion for a summons and supporting affidavit will, in and of themselves, provide the Commonwealth with information damaging to the defense (supporting the need for ex parte process), it is clear that the examination of the summonsed documents also may provide the Commonwealth with confidential information to the detriment of the defendant. Rule 17 (a) (2) provides that a judge "may upon their production permit the books, papers, docu-

---

[18]We reject the defendant's contention that the privileged or nonprivileged nature of documents being sought has a bearing on whether the summons properly issues in the first instance. See *Lampron, supra* at 267, 268 n.3.

ments, objects, or portions thereof to be inspected and copied by the parties and their attorneys if authorized by law." The rule plainly contemplates that both parties may be entitled to access documents obtained through an ex parte rule 17 (a) (2) motion. That the judge "may" permit (and not "shall" permit) such inspection, however, suggests that the Commonwealth's right of access is not automatic, but within a judge's discretion. With respect to any documents actually intended to be introduced at trial, of course, a defendant will likely have obligations under rule 14, or other pretrial agreements, to furnish those documents to the Commonwealth in a timely fashion. We read the rule's final instruction, "if authorized by law," to caution that no inspection of summonsed documents, by either side, shall be allowed until after a full consideration of any privileges, privacy concerns, or other legitimate interests brought to the judge's attention in timely fashion. See *Jansen, petitioner, supra* at 118; *Commonwealth* v. *Oliveira, supra* at 340.

In sum, although the process set forth in rule 17 (a) (2) will normally be of an adversary nature, there is nothing in the rule, or in our cases interpreting the rule, that forecloses the availability of an ex parte process in extraordinary circumstances. Orders for summonses based on ex parte motions must be conditioned on specific findings that notice to the Commonwealth will imperil the source or integrity of summonsed documents or provide the Commonwealth with information, incriminating to the defendant, to which the Commonwealth would not otherwise be entitled. As discussed, there is a wide range of tools available to a judge under the current rules to fashion a flexible solution to meet the needs of a particular set of facts, i.e., sealing, impounding, redacting, protective orders, and in camera review of the documents when a privilege is asserted. If it appears at a later date that the procedure adopted here is being misused, or that it needs further clarification or refinement, we shall make appropriate changes. The solution and standards we have today adopted do not preclude the advisory committee on the rules of criminal procedure from undertaking an examination of the problem and recommending, in the usual course, new or revised procedures, amendments to the relevant rules, or instructions in the notes to the rules.

3. Turning now to the defendant's motions, we conclude that the record is bereft of information that would allow us to assess whether the defendant's ex parte motions were properly allowed. The motions themselves and supporting affidavits were impounded and are not part of the record. On the one hand, the transcript of the hearing on the Commonwealth's motion to disclose leaves no doubt that the judge considered the facts set forth in defense counsel's supporting affidavits to establish both the relevance of the requested information and the need to proceed ex parte and concluded that those facts were sufficiently compelling to issue the summonses and maintain their ex parte nature. On the other hand, the judge made this determination without the guidance of what has been said in this opinion. In deference to the significant interests at stake, the judge should reevaluate his decision in light of this opinion, keeping in mind all of the tools currently available under the rules.[19]

If the judge, conformably with this opinion, determines that the defendant has made a sufficient showing of a compelling need for secrecy and relevancy of the documents sought, then, to the extent that the motions to reconsider filed by the BHA and the BPD (which were denied only in part) objected that the summonses issued to them are overly broad or involve privileged information, their concerns should be resolved by the judge on the same basis, and according to the same principles, pursuant to which motions to quash normally are considered.[20] The Commonwealth, if it wishes, will be entitled to be heard on this matter and also on the question whether it will be permitted access to any documents received into court for the defendant's pretrial review prior to the defendant's decision whether or not to use them at trial.

4. The case is remanded to the single justice to enter an order vacating the order denying the Commonwealth's motion for

---

[19]The Commonwealth concedes that sealing a defense affidavit in support of a motion for a summons for documents for pretrial review under rule 17 (a) (2) would be preferable to excluding the Commonwealth from the motion proceedings altogether.

[20]We are aware of no legitimate interest on the part of third-party record holders, such as the BPD and the BHA, that would entitle them to be heard at any time prior to their receipt of a summons directing the production of documents.

disclosure of the defendant's ex parte motions, recalling the summonses that issued based on the ex parte motions filed by the defendant, and staying the orders allowing the defendant's motions. The case is to be remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*