Following a jury trial in the Superior Court, the defendant was convicted of assault with intent to rape his daughter. On appeal the defendant argues that there were numerous errors in the jury instructions, the conviction may have rested on an improper factual basis, and the judge abused her discretion in denying him access to certain treatment records. We affirm.
Facts. Based on the evidence at trial the jury could have found that on different dates when his daughter was between five and nine years old, the defendant used his hands to "move [his daughter's] butt cheeks out of the way," and she would feel pressure and movement from the defendant's penis around her anus.
Discussion. 1. Jury instructions. The defendant raises five errors relating to the jury instructions. He advances both preserved and unpreserved claims of error relating to the jury instructions. We review for prejudicial error when an error is preserved. See Commonwealth v. Vick, 454 Mass. 418, 423 n.5 (2009). Claims of unpreserved error are reviewed for a substantial risk of a miscarriage of justice. See Commonwealth v. Marinho, 464 Mass. 115, 122 (2013).
a. Assault. The defendant claims the judge erred by instructing the jury on both the attempted battery and threatened battery theories of assault where there was no factual basis for a finding based on the threatened battery theory. Because the defendant's exception was preserved, we review the defendant's claim for prejudicial error.
Under the common law there are two theories of assault: attempted battery and threatened battery. Commonwealth v. Porro, 458 Mass. 526, 530 (2010). The daughter's testimony provided ample evidence both "that the defendant intended to commit a battery, took some overt step toward accomplishing that intended battery, and came reasonably close to doing so," ibid. (quotation omitted), and "that the defendant intentionally engaged in menacing conduct that reasonably caused the victim to fear an imminent battery," Commonwealth v. Melton, 436 Mass. 291, 295 n.4 (2002). Because the evidence was sufficient to convict the defendant on either theory of assault, the judge did not err in instructing the jury on both theories.
b. Delayed reporting and mandated reporter instructions. Additionally, the defendant objected to the denial of his requests for the use of specific language in the instruction on delayed reporting and in a supplemental instruction on mandated reporters of child abuse in response to a jury question. A trial judge has "considerable discretion in framing jury instructions, both in determining the precise phraseology used and the appropriate degree of elaboration." Commonwealth v. Newell, 55 Mass. App. Ct. 119, 131 (2002). A trial judge "is not required to grant a particular instruction so long as the charge, as a whole, adequately covers the issue." Commonwealth v. Daye, 411 Mass. 719, 739 (1992), quoting from Commonwealth v. Anderson, 396 Mass. 306, 316 (1985). See Commonwealth v. Silva, 388 Mass. 495, 507 (1983) (trial judge may use discretion "to choose the form of expression best adapted to make the law intelligible to the jurors").
Here, the judge's instruction on first complaint included the model jury instruction relating to delay in reporting. The judge denied the defendant's request to include additional language which, the defendant claims, would have resulted in a more balanced instruction since it would inform the jurors that "truthful and false reports [of sexual assault] may be made at any time." While the first complaint doctrine removes the requirement that a complaint be "fresh," it does not entirely remove the timing of the complaint from the jury's consideration. In fact, in announcing the first complaint rule, the Supreme Judicial Court said that "the timing of the complaint, [the victim's] motivation for disclosing the assault to the particular person told and in the particular circumstances, and the manner in which the [victim] made the disclosure, may be essential to the jury's understanding and appreciation of the first complaint testimony." Commonwealth v. King, 445 Mass. 217, 246 (2005). The "delay" component of the King instruction was designed to prevent an improperly adverse inference from a delayed report, not to eliminate completely the permissible inferences that may be drawn from a delay in reporting after the assault. See id. at 242, 245-248. The instruction, as given, explained that in an even-handed way. Accordingly, there was no error, as the delayed reporting instruction in this case conveyed the proper legal standard.
During deliberations the jury made inquiry as to whether the victim's "clinicians" had an obligation to report a fabricated claim of abuse similar to their obligation to report suspected abuse. In response, the defendant sought an instruction on the mandated reporter law. The judge rejected the defendant's request and informed the jury that the question involved facts and legal conclusions that were not part of the case, and that they should only consider the evidence admitted during the trial and her previous instructions.
" 'The proper response to a jury question must remain within the discretion of the trial judge, who has observed the evidence and the jury firsthand and can tailor supplemental instructions accordingly.' The judge's discretion to formulate a response is broad." Commonwealth v. Monteagudo, 427 Mass. 484, 488 (1998), quoting from Commonwealth v. Waite, 422 Mass. 792, 807 n.11 (1996). There was no abuse of the judge's broad discretion here.
c. Credibility and first complaint. The defendant for the first time on appeal claims portions of the jury instructions on credibility and first complaint were flawed.[2] The challenged language had been specifically requested by the defendant. The instructions tracked the model jury instructions and the challenged portions constitute accurate statements of the law. We discern no error. Instructions that convey the proper legal standard, particularly when tracking model jury instructions, are deemed correct. See Commonwealth v. Young, 461 Mass. 198, 210 (2012).
2. Sufficiency of factual basis. Next, the defendant raises the argument that there was a risk that the jury's verdict may have rested on an improper factual basis. The defendant concedes the testimony from the victim that there were multiple occasions when the defendant would move her butt cheeks and put his penis on her butt, if credited, was sufficient to support the conviction of assault with intent to rape. However, the defendant contends that the incident on September 29, 2012, wherein, the victim testified, the defendant joined her in the shower and touched her butt, was insufficient to support the conviction under either theory of assault. The defendant now argues that because the jury may have rested their verdict on the September 29 events, the conviction must be reversed.
We find no merit in the defendant's argument. The judge instructed the jury, at the defendant's request, that the offenses occurred on diverse dates between April 1, 2008, and September 28, 2012. Additionally, immediately following the testimony of the daughter relating to the events on September 29, 2012, the judge provided the jury with a limiting instruction that the testimony of events that occurred on September 29, 2012, concerned uncharged conduct and was admissible for the limited purpose to show the overall nature of the defendant's relationship with his daughter. The judge's instructions clearly informed the jury that September 29, 2012, was excluded as a possible date of offense and the testimony regarding the shower event concerned uncharged conduct. Since it is presumed that jurors will follow all of the judge's instructions, we discern no error here, let alone a substantial risk of a miscarriage of justice. See Commonwealth v. Watkins, 425 Mass. 830, 840 (1997).
3. Treatment records. Finally, the defendant argues that the trial judge abused her discretion by denying in part his requests to summons the daughter's counselling records. The defendant requested summonses pursuant to Mass.R.Crim.P. 17(a)(2), 378 Mass. 886 (1979), for all of the daughter's counselling records from when she began counselling in June, 2011, to the time of the filing of the motion. The judge allowed the request only for the records beginning in September, 2012, when the daughter made her first complaint to her mother. The judge denied the request for records relating to treatment prior to the daughter's disclosure in September, 2012, on the basis that the defendant had failed to show the records being sought were material and relevant.
We review a judge's ruling on rule 17(a)(2) motions for abuse of discretion. See Commonwealth v. Mitchell, 444 Mass. 786, 791 (2005).
"[T]he party moving to subpoena documents to be produced before trial must establish good cause, satisfied by a showing '(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." ' " Commonwealth v. Dwyer, 448 Mass. 122, 141 (2006), quoting from Commonwealth v. Lampron, 441 Mass. 265, 269 (2004).
Here, the judge determined the defendant failed to satisfy the requirement that the documents sought are "material and relevant." The defendant must make a factual showing "that the documentary evidence sought has a 'rational tendency to prove [or disprove] an issue in the case.' " Lampron, supra at 269-270, quoting from Commonwealth v. Fayerweather, 406 Mass. 78, 83 (1989). The defendant's motions claim that since the daughter was in counselling during the time period covered in the indictments for various behavioral issues, including deceptiveness, the records are relevant. "Potential relevance and conclusory statements regarding relevance are insufficient" to satisfy the rule. Lampron, supra at 269. Relevance cannot be established by speculation. See Commonwealth v. Alcantara, 471 Mass. 550, 564 (2015). The defendant's arguments that the records might have a tendency to "prove or disprove the allegations" or "bear on the credibility of [the daughter]" were too speculative. There was no evidence that the daughter even spoke to the therapist about matters relating to the indictments prior to her disclosure to her mother in September, 2012. We conclude there was no abuse of discretion in denying the defendant's request for the additional counselling records.
Judgment affirmed.

The judge provided the model jury instructions for witness credibility and first complaint. The defendant claims it was error for the judge to include in the credibility instruction that the jury "must resolve [any] conflicts [in the testimony] and ... determine where the truth lies," see Criminal Model Jury Instructions for Use in the District Court § 2.260 (2009 ed.), and that it was error to include in the first complaint instruction that the "[victim] may have reported the alleged assault to more than one person," see Massachusetts Superior Court Criminal Practice Jury Instructions § 7.11 (Mass. Cont. Legal Educ. 2d ed. 2013).